JANVIER, Judge.
Plaintiff, Utah Home Fire Insurance Company, having paid to a policy holder, (Hannibal A. Green) $228.14 for a fire loss sustained by him, and, having been sub-rogated to all rights which he might have against any one responsible for the fire, brought this suit against Rudolph Leonard, doing business as Service Floor Finishers, alleging that the fire occurred while the floors in the building were being refinished by Leonard, whose employees at the time were using a highly inflammable matter which was ignited with the resulting damage.
Plaintiff especially alleged
“That the facts surrounding the fire are peculiarly within the knowledge of defendants and said inflammable materials were under their control; that the doctrine of res ipsa loquitur is therefore applicable to this case.”
Plaintiff also alleged that, in the event that it should be held that the doctrine of res ipsa loquitur is not applicable, then in that alternative that the loss had been caused by negligence of defendant and his employees in certain specified particulars which we find it unnecessary to enumerate.
Though denying most of the allegations of the petition, defendant admitted the occurrence of the fire; that it took place while he and his employees were doing the work and, in brief of counsel filed in this court, admitted that the doctrine of res ipsa loquitur applies.
There was judgment for $228.14 as prayed for, with interest from judicial demand and' for costs, and defendant has appealed suspensively.
In his brief in this Court counsel for defendant, conceding the applicability of the doctrine of res ipsa loquitur, correctly states that “this doctrine is only a rule of evidence and not a rule of liability.” And he maintains that the defendant has successfully borne the burden thrown upon him by the said doctrine and has demonstrated that “he is not guilty of negligence.”
In refinishing the floors the defendant was making use of a sealer, which is highly inflammable and which was contained in a bucket which was in the room in which the floor was being refinished. He and his son and his two other employees all stress the extreme danger- of using such material *261 where there is possibility that a flame is near and it is shown that the label on the can in which it was purchased warns that “it is a dangerous substance to use.”
The room in which the work was proceeding adjoined the kitchen and, although all of the windows and doors in the front part of the house were open, the kitchen was closed except that the door leading from the kitchen to the room in question was ajar. In the kitchen there was an automatic water heater.
All of the witnesses agree that suddenly there was a “line of fire from the kitchen to the sealer bucket.”
Defendant states that the furniture of the house had been removed from the front rooms and stored in the kitchen, so that it was not possible for him to go into the kitchen, or to closely examine the water heater to ascertain whether the pilot was burning, but that he felt that it was not necessary for him to make such an examination since he had been told by the owner of the premises, Green, that his wife had turned off the pilot before she left to go to her work. Green denies that he told the defendant that the pilot had been turned off by his wife and his wife denies that, she had turned it off.
Defendant’s son and the two other employees are certain that they heard Green tell the defendant that his wife had turned the pilot off, but they say that this conversation took place on the front porch when they arrived at the premises. Defendant himself says that the conversation took place in the room in which the work was going on.
In deciding that defendant should be held liable, the District Judge may have found that, as a matter of fact, the defendant was not told that the heater had been turned off, or he may have felt that, in view of the extremely dangerous nature of the sealer, defendant himself should have made certain that there was no flame anywhere near where the work was in progress. If the District Judge felt that the evidence sustained the statement of Green — that he did not tell defendant that the heater had been turned off — we could find no fault with that conclusion, particularly since the defendant and his other witnesses disagree as to the time and location at which this statement had been made, and since it is positively denied by both Green and his wife. On this question of fact it would not be proper to reverse the District Judge.
If, on the other hand, the District Judge felt that regardless of whether defendant had been told that the heater had been turned off, he should have himself made an examination of the heater, we would not disagree with that conclusion, since the record convinces us that the substance which was being used was so extremely dangerous that the defendant should have made certain that there was no flame nearby. Defendant and all of his witnesses state that, under no circumstances, would they proceed with such work with a pilot light burning anywhere in the vicinity.
We cannot be persuaded that it was impossible for defendant to have examined the heater. The record convinces us that the door into the kitchen was open and that by moving a few pieces of furniture, he could have determined whether the pilot was burning.
In Mercury Ins. Co. v. Hodges, La.App., 199 So. 526, 527, we considered a situation so remarkably similar to that presented here that we have decided to quote at length from that decision:
“It is shown that the floors were be-, ing ‘filled’ with a composition made by dissolving a putty-like substance in gasoline and that this composition had been spread on the floor just before the fire started. It is also shown that, though this material had not been spread on the floor of tjie kitchen, in which there was a stove and an auto *262 matic water heater, it had been spread on the floor of the enclosed sleeping porch which adjoins the kitchen, and it appears that the door between that porch and the kitchen was open. Very near to this open door was the automatic water heater, which was provided with a pilot light which customarily burns at all times, so that, on the drawing of water, the pilot light will ignite the main gas supply as it enters the heater. Whether this pilot light was burning when the inflammable substance was spread on the floor of the adjoining room is one of the crucial questions of fact which must be answered. It is a crucial question because it appears from the testimony of Wilfred Stansbury, one of the principal employees of White and the only one who was in the room when the fire started, that it would have been dangerous to allow the pilot light to burn in the heater while the material was being spread on the floor of the adjoining room. He said that, though ‘there was no place to see if there was a pilot light burning’, he looked as carefully as he could because T wanted to see the place where there was a pilot light and I would have turned it off.’ ”
We held that the contractor who was doing the work was liable since he had not made certain that the pilot light had been turned off.
Although not pleaded, counsel for defendant, in brief, argues that if the pilot was left on by Green, the fire was caused by contributory negligence of Green and that therefore there should be no recovery. Since there was no plea of contributory negligence, this defense need not be considered. However, such a defense was considered and rejected by the Court of Appeal for the First Circuit in Letts v. Krause & Managan, La.App., 26 So.2d 838, 843, where the facts were quite like those found here. There the Court said:
Neither do we see any connection or negligence on the part of Letts in using the hot water to shave. Had defendant’s employees performed their duty in seeing that the pilot light was off, Letts still could have used the hot water left in the tank, or could have-shaved without hot water as he contends he did. He could presume that defendant’s employees were not derelict in their duties. * * * ”
The judgment appealed from is affirmed at the cost of appellant.
Affirmed.