JANVIER, Judge.
The American Insurance Company brings this action against William R. Stansbury, a *338 floor finisher, for damages to the property of its insured, Mrs. J. W. Huhner, allegedly caused by Defendant’s negligence. The amount of the damages, $159, was paid to Mrs. Huhner by the American Insurance Company, the subrogated Plaintiff herein. The district judge awarded Plaintiff the full sum of $159 and from this judgment Defendant has appealed.
The Defendant was the only witness and the facts are not in dispute. He testified that he was employed by Mrs. Huhner to refinish the floors in two bedrooms and a hallway in her residence; that he asked Mrs. Huhner where the hot water heater was located and was told by her that it was in the laundry room; that when he entered the laundry room, he saw one hot water heater to his right but did not see a second hot water heater because it was concealed behind the door as he opened it; and that he turned off the pilot light in the one heater that he did see but, of course, did not turn off the pilot light in the other heater. He admitted that although he worked with highly volatile material, he did not explain to Mrs. Huhner that this was the reason why he wanted to know the location of her hot water heater.
While he was working in a bedroom adjacent to the laundry room, there was an explosion which caused the damage. Defendant testified that in his opinion the hot water heater which was not turned off caused the explosion and this is not disputed by Plaintiff.
Defendant contends: (1) that he was not negligent because he was not informed of the existence of the second hot water heater which caused the damage and (2) in the alternative, if he was negligent, Mrs. Huh-ner was contributorily negligent in not informing him that there were two hot water heaters in the laundry room.
With regard to the first contention, the jurisprudence is to the effect that a floor finisher owes the highest degree of care to remove every possible existing fire hazard. Letts v. Krause & Managan, La.App., 26 So.2d 838; see Utah Home Fire Insurance Co. v. Leonard, La.App., 100 So.2d 259; Mercury Ins. Co. v. Hodges, La.App., 199 So. 526. In the Utah Home Fire Insurance Co. case, cited supra, the floor finisher asked the property owner whether the pilot light on the hot water heater was off and was told that it was, when, in fact, the pilot light was still on; and an explosion resulted. Even though the hot water heater in the cited case was obscured by pieces of furniture, the court held the floor finisher liable, concluding that he nevertheless owed a duty to make certain himself that the pilot light was out.
Considering the high degree of care required of him, we conclude that Defendant, in the instant case, had the duty to check the entire utility room thoroughly, especially in view of the strong possibility that other appliances with pilot lights or other open flames might have been located therein. We therefore find his failure to do so constituted negligence.
Although he now urges it as a defense, Defendant did not plead contributory negligence as is required by LSA-C.C.P. art. 1005. We have considered Defendant’s contention that the pleadings were enlarged by the introduction, without objection, of evidence that Mrs. Huhner failed to tell Defendant of the second hot water heater. See LSA-C.C.P. art. 1154. However, the rule is to the effect that if evidence is admissible for any purpose, it can not enlarge the pleadings except by the express consent of the opposing party. Wallace v. Hanover Insurance Company of New York, La.App., 164 So.2d 111, cert. denied, 246 La. 598, 165 So.2d 486; LSA-C.C.P. art. 1154, Comment (b). In this case the evidence of the conversation between the Defendant and Mrs. Huhner with regard to the location of the hot water heater was clearly admissible, being highly pertinent to the question of whether Defendant acted in a negligent manner. Therefore *339 we cannot consider the issue of contributory-negligence.
For the above reasons the judgment appealed from is affirmed; Defendant to pay all costs in both courts.
Judgment affirmed.